# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MELISSA WHITE
Appellant,

vs.

UNIVERSITY OF WASHINGTON,
ET AL
Appellee(s).

9th Cir. Case No. 24-2042

**R E C E I V E D**
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 16 2025

FILED
DOCKETED _____
DATE          INITIAL

## APPELLANT'S REPLY TO APPELLEES' RESPONSE TO APPELLANT'S THIRD MOTION FOR JUDICIAL NOTICE

## I.     INTRODUCTION

Appellee's response to this motion does not necessarily object on the merits of whether it is judicially noticeable per se, however, their response is disingenuous to an extent. Judicial Notice Exhibit A of this motion is not just a certified copy of the Washington state constitution but rather *the original 1889 Washington State Constitution*. Defendants indirectly claim that Appellant is including additional legal arguments into her briefing completed last year, however, as demonstrated below that is not the case.

## II.     DISCUSSION

1. *Historical text of the Original Constitution of the State of Washington*

Appellees appear to claim that Appellant's want of judicial notice of the facts contained in Dkt. 38.1 at section II(i-iii) are new legal arguments, however, they are not, they are simple facts regarding Washington State's current *amended Constitution* compared to *the original 1889 Constitution*. The facts presented in sections II(i-iii) show that the imperative language of the Washington State Constitution as it applies to the constitutional challenge against the misuse of the governor's proclamation power is that the language has not changed since its inception in 1889; meaning the Scope of the proclamation power is grounded in the founding of the state, the year 1889. This is not a new argument brought by Appellant, it was formerly raised in both her respective Opening and Reply Briefs and implicitly in the trial court.

Because of these textual facts, it is imperative that the Court Judicially Notices the 1889 Washington State Constitution, specifically the key judicially noticeable facts listed in Dkt. 38.1 at section II(i-iii), due to the fact that this Court has been given a rare opportunity through the waiver of *Lapides v. Board of Regents of Univ. System of Ga.*, 535 U.S. 613 (2002), which has waived the bar imposed by *Pennhurst State Sch. v. Halderman*, 465 U.S. 89 (1984), granting this Court full jurisdiction to rule on the unconstitutionality of the RCW's used by the Governor as discussed in Appellant's briefs.

2. *Appellants appeal to Pilz v. Inslee, and Bacon v. Woodward are without merit in regard to the constitution challenges present on this appeal*

Appellees reliance upon on *Pilz v. Inslee*, No. 22-35508, 2023 WL 8866565, at \*2 (9th Cir. Dec. 22, 2023) and *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at \*1 (9th Cir. June 18, 2024) for "facial validity of the Proclamation" is misleading and disingenuous to this Court. Neither of those cases are applicable, as they did not argue the unconstitutionality of the use of the governors proclamation to make state law in direct contradiction of Articles II and III of the Washington State Constitution mandated by Article I section 29. Appellant is not challenging the proclamation on first amendment grounds, but rather Appellees own decisions that they made towards Appellant. This argument presented by Appellees as applied to Appellant's constitutional challenge to the Governor's unconstitutional use of proclamation in violation of the Washington State constitution is contrary to the Appellee's Counsel's obligation of RPC 3.1 and should be rightly declared to be frivolous.

3. *On Judicial notice of facts brought during Appeal*

As for the Appellees concerns that these extremely pertinent facts are not to be noticed in their opinion, this Court's precedent of *Trigueros v. Adams* allows this judicial notice: "Generally, we consider only the district court record as developed before appeal. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir.2003). Nonetheless, we may take judicial notice on appeal. Fed. R.Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *see also United States v. Camp*, 723 F.2d 741, 744 n. \*\* (9th Cir.1984)." 658 F. 3d 983, 987 (9th Cir. 2011). In addition, this

9th Cir. Case No. 24-2042                                              Page 4

Judicial notice is proper in terms of judicial economy as evidenced by *US v. Esquivel*: "Although the Government could and should have presented the refined census material in the district court, in the interest of judicial efficiency, and notwithstanding Esquivel's argument based on her statistical data, we take judicial notice on appeal of the Government's census data where it is presented to rebut similar data presented by Esquivel. Fed.R.Evid. 201." *US v. Esquivel*, 88 F. 3d 722, 727 (9th Cir 1996). For these reason stated here, this judicial notice is not only permitted, but mandatory for this court to fulfill its obligation under Article III of the U.S. Constitution. "The court... must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed.R.Evid. 201(c)(2).

### III.   **CONCLUSION**

For the reasons above and those contained within the original motion, all provided facts, specifically those listed in Dkt. 38.1 at section II(*i-iii*), provided by Appellant must be judicially noticed pursuant to Fed.R.Evid. 201(c)(2). The Court must also disregard Appellees disingenuous arguments related to free exercise claims contained within *Pilz v. Inslee* and *Bacon v. Woodward* against the Proclamation are not in this appeal whatsoever; they are frivolous and contrary to Washington's Rules of Professional conduct, rule 3.1.

9th Cir. Case No. 24-2042                                              Page 5

WHEREFORE Appellant moves this Honorable Court to judicially notice the Original 1889 Washington State Constitution and its textual comparisons to the current amended constitution.

I certify that this memorandum contains 846 words, in compliance with the Local Circuit Rules.

Melissa L. White
31633 202 AVE SE
Kent WA, 98042

June 11, 2025

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** | 24-2042

**Case Name** | White v. University of Washington, et al.

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the | Appellant's Reply to Appellees' Response to Appellant's Third Motion for Judicial Notice
and any attachments. *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature** | Melissa White    **Date** | June 11, 2025

| Name | Address | Date Served |
|---|---|---|
| Timothy O'Connell | 600 University St., Suite 3600 Seattle, WA 98101 | 6/11/25 |
| | | |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*